464

E. HENNING, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks a refund of Fifteen and 57/100 Dollars ($15.57) for excess Franchise Tax. The complaint alleges that in making its annual report to the Secretary of State for the year ending December 31, 1933 it showed a Paid-in Surplus of Thirty One Thousand One Hundred Thirty Two Dollars ($31,132.00) and stated capital of Fifty Thousand Dollars ($50,000.00), whereas in fact it had no paid-in surplus, but did have an earned surplus of Thirty One Thousand One Hundred Thirty Two Dollars ($31,132.00). A Corporation Tax of Forty and 57/100 Dollars ($40.57) was assessed upon the report as made and claimant now seeks a refund of the portion alleged to have been paid through its mistake.

An earned surplus is not taxable but a paid-in surplus becomes a part of the capitalization and is taxable under the law and it is apparent that had plaintiff made a correct report to the Secretary of State it would have been taxed on its capital alone.

Where it clearly appears that a Franchise Tax in excess of the amount due was assessed and paid through a mutual mistake of fact an award for such excess will be made.

"Where money is paid to another under the influence of a mistake of fact, that is, on the mistaken supposition of the existence of a specific fact which would entitle the other to the money, and the money would not have been paid if it had been known to the payer that the fact was otherwise, it may be recovered. The ground on which the rule rests is that money, paid through misapprehension, of facts, in equity and good conscience belongs to the person who paid it. Municipal corporations as well as individuals are subject to this rule. An error of fact is ordinarily said to take place either when some fact which really exists is unknown, or some fact is supposed to exist which really does not exist." (21 R. C. L. 164).

The above rule has been recognized by this court in the following cases: *Moorman Mfg. Co.* vs. *State*, 8 C. C. R. 106; *Bates Valve Bag Corp.* vs. *State*, 7 C. C. R. 64.

The claimant seems to be entitled to a refund of the difference between the amount due, i. e. Twenty Five ($25.00) Dollars and the sum actually paid, i. e. Forty and 57/100 ($40.57) Dollars and an award is therefore made in favor of claimant for the sum of Fifteen and 57/100 ($15.57) Dollars.